# DESIO *v.* HUTCHINSON.

---

LANDLORD AND TENANT; DAMAGES; COSTS ON APPEAL.

1. Under D. C. Code, sec. 1233 (31 Stat. at L. 1383, chap. 854), providing that in case of an appeal by a tenant from a judgment for possession in favor of the landlord, the defendant shall give an undertaking with sureties to pay, if the judgment shall be affirmed, "all intervening damages to the leased property and compensation for the use and occupation thereof," for which judgment may be rendered by the appellate court, if the leased property consists of one story and the basement of a building, and there is no evidence of damage done to that part of the premises, the judgment of the appellate court must be confined to the value of the use and occupation of that part of the premises, and cannot properly include the loss of the rental of the rest of the building, caused the landlord by the unlawful holding over of the tenant.

2. *Quære,* whether a tenant leasing the ground floor and basement of a building, and unlawfully holding over after the expiration of his lease, is liable at common law for damages sustained by the landlord on account of loss of rental of the entire building, occasioned by his unlawful detention of the part leased to him.

3. Each party was required to pay one half of the costs of appeal, where the judgment appealed from was entered for the aggregate amount of two separate findings of damages by the jury, and is modified and affirmed by this court as to one of such findings, and reversed as to the other.

No. 2156. Submitted November 2, 1910. Decided December 5, 1910.

HEARING on an appeal by the defendant and the sureties on his appeal undertaking from a judgment of the Supreme Court of the District of Columbia, on verdict, in a landlord-and-tenant proceeding.            *Modified.*

The COURT in the opinion stated the facts as follows:

This is a landlord-and-tenant proceeding under sec. 20 of the Code (31 Stat. at L. 1193, chap. 854), authorizing summary proceedings before a justice of the peace to recover possession of premises detained by a tenant after the expiration of his lease.

The proceeding was begun in the municipal court by Thomas B. Hutchinson, by affidavit, in which he alleged that he was the owner and entitled to the possession of the premises No. 1012 F street in the city of Washington, including two rooms on the first floor thereof, and the basement; and that defendant Salvatore Desio unlawfully detained the possession thereof under a lease executed by him and one William D. Crampsey, May 10, 1899, and expiring by its terms on April 30th, 1909. The lease is made a part of the affidavit, and shows the lease to Desio by Crampsey of the two first-floor rooms and basement for ten years, commencing May 1, 1899, and ending April 30th, 1909, for $125 per month.

Summons was issued, and on May 13th, 1909, judgment was rendered for plaintiff for possession and costs. Defendant appealed to the supreme court of the District, and executed the bond required by sec. 1233 [31 Stat. at L. 1383, chap. 854] of the Code with Vincenzo Di Giorgie and Guiseppe A. Pessaguo as sureties.

On the trial in the appellate court, plaintiff introduced evidence showing the lease by Crampsey to Desio, and conveyance of the fee-simple title by Crampsey to himself; and certain correspondence between him and defendant, relating to a renewal of the lease, all of which was objected to by defendant on the ground that the affidavit failed to allege the purchase of the property by plaintiff, or the assignment of the lease to him. It appears that the building, the ground floor and basement of which were leased to defendant, had two or three upper stories that had been occupied by other tenants, but were vacant on April 30, 1909.

Plaintiff introduced evidence tending to show the value of

the use and occupation of the leased premises since the expiration of the lease, and also to show that he had leased the entire building to another tenant, for three years, but the same had to be abandoned by reason of defendant's refusal to surrender possession. This was claimed as intervening damages. Defendant objected to this evidence as not being within the terms of the appeal bond.

Defendant also moved to dismiss the case on account of the defect in the affidavit, which failed to recite sufficient facts to confer jurisdiction upon the municipal court. This was overruled, and the court directed the jury to assess, first, the value of the use and occupation of the leased premises, and then to assess such damage as would compensate plaintiff for the use of leased premises and for the loss of rental of the entire building.

The jury returned a verdict assessing the value of the use and occupation of the leased premises, "ignoring any claim for loss of income upon the remainder of the building," at $1,866.66. They then found that the damage on both accounts amounted to $2,800.

From the judgment entered thereon, affirming the judgment for possession, and against the defendant and his sureties for the damages aforesaid, all have appealed.

*Mr. W. H. Sholes* for appellants.

*Mr. James H. Hayden, Mr. Ormsby McCammon,* and *Mr. George W. Dalzell* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. Several assignments of error raise the question of the sufficiency of the affidavit to confer jurisdiction, under the statute, upon the municipal court, and of the admissibility of plaintiff's evidence of title thereunder.

It is not necessary to consider these, as counsel for the ap-

pellants on the argument, announced his satisfaction with the judgment to the extent of the amount thereof founded on the special finding of the value of the use and occupation of the leased part of the premises, and his willingness that the judgment be modified to that extent instead of reversed, in case it be found to be erroneous to the extent of its inclusion of the damages assessed for the loss of the income of the building.

2. The bond was given, and the judgment rendered under the provisions of sec. 1233, Code [31 Stat. at L. 1383, chap. 854], which reads as follows: "In case of an appeal by the defendant, his undertaking, in order to operate as a supersedeas, shall be an undertaking to abide by and pay the judgment rendered by the justice of the peace, if it shall be affirmed, together with the costs of the appeal, and to pay all intervening damages to the leased property, and compensation for the use and occupation thereof, from the date of the judgment appealed from to the date of its affirmance; and in said undertaking the said defendant and his sureties, the latter submitting themselves to the jurisdiction of the court, shall agree that if the judgment be affirmed, judgment may be rendered against them by the appellate court for the amount of the judgment so affirmed, and the intervening damages, compensation, and costs aforesaid."

There was no evidence of any damage done to the leased part of the premises, and the recovery on their account was limited to the value of the use and occupation thereof from the date of the judgment in the municipal court to the date of its affirmance by the supreme court of the District, to which it was appealed.

The question that we have to determine is not whether the plaintiff would have a right of action for the loss of rental of the entire building, occasioned by the defendant's unlawful detention of the part leased to and occupied by him, but whether it may be recovered of the defendant and his sureties in this special statutory proceeding.

Without intending to intimate that he may or may not be entitled to an action at common law for such special dam-

ages, we are of the opinion that they cannot be recovered under the section aforesaid. That is limited to compensation for the use and occupation of the "leased property," and to all intervening damages to the same.

The leased property comprised a part only of the building. The upper stories or rooms were not leased to defendant, but had been, during his lease of the ground floor and basement, leased to and occupied by others, though vacant before the expiration of his lease. He never took possession of them, and therefore could not detain them from the possession of the owner.

It was error to permit the jury to find a verdict for the damages sustained by reason of the loss of the opportunity to lease the remaining floors of the building. The judgment will therefore be modified and affirmed as to the verdict for the value of the use and occupation of the leased property,-and as to the costs of appeal and of the court below, and reversed as to the remaining damages found by the jury.

The appellants and the appellee, respectively, will be adjudged to pay one half of the costs incurred on this appeal. The cause will be remanded, with direction to modify the judgment as indicated in this opinion, without prejudice to the right of the appellee to prosecute any action at common law to recover the special damages aforesaid, if he be so advised.

*Modified.*